IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

SAMANTHA McALLISTER )
)
           Plaintiff, )
v. )   Case No. _____
)
RANE AND COMPANY, INC. aka )
RANE MANAGEMENT, and )
RAY SIEBERT )
)
           Defendants )
)

# COMPLAINT

Comes now the Plaintiff, Samantha McAllister, by and through her counsel Trinidad Galdean of Galdean LLC, states and alleges as follows for her cause of action against Defendants Rane and Company, Inc. a/k/a Rane Management and Ray Siebert:

## PARTIES

1. Plaintiff, Samantha McAllister, is a current resident of McPherson County, Kansas.

2. Defendant, Rane and Company, Inc. a/k/a Rane Management, is a company within the State of Kansas. Defendant may be served with process upon its resident agent, Ray Siebert, 21007 S. Whiteside Road, Pretty Prairie, KS 67570.

3. Defendant, Ray Siebert, is an owner and manager of Rane and Company, Inc. a/k/a Rane Management. Defendant, Ray Siebert, is a resident of Reno County, Kansas. Defendant Ray Siebert may be served with process at 21007 South Whiteside Road, KS 67570.

## JURISDICTION AND VENUE

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000 *et seq*, and the Kansas Act Against Discrimination ("KAAD") K.S.A. 44-1009 *et seq*. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for illegal discrimination in employment and for violations of the FLSA.

5. Plaintiff has fully complied with all prerequisites to the jurisdiction of this Court under Title VII, The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue letter to the plaintiff.

6. This Court also has jurisdiction over plaintiff's claims pursuant to 28 USC §1331 and 29 USC §216(b).

7. Venue is proper in this Court under 28 USC §1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTS

8. Defendants operates a property management company in the United States.

9. Defendants employs between 15 to 20 employees.

10. Defendants employed the Plaintiff.

11. Defendant Ray Siebert ("Siebert") owns and manages Defendant Rane and Company, Inc. a/k/a Rane Management.

12. Defendant Siebert manages day-to-day operations of Defendant Rane and Company, Inc. a/k/a Rane Management.

2

13. During Plaintiff's employment, Defendants issued Plaintiff's paycheck from an individual account which identified as belonging to "Ray E. and Jane Siebert."

14. During Plaintiff's employment, Siebert made several sexual comments directed at the Plaintiff.

15. During Plaintiff's employment, Siebert made several sexual comments directed at the Plaintiff about sexual positions in intercourse.

16. During Plaintiff's employment, Siebert made several sexual comments to the Plaintiff about a co-worker's breast.

17. During Plaintiff's employment, Plaintiff complained to the Defendants that the sexual comments by Siebert were inappropriate and offensive.

18. During Plaintiff's employment, Siebert frequently touched Plaintiff in an inappropriate manner on her legs and shoulder and inappropriately brushed up against the Plaintiff.

19. In April 2018, Siebert slapped Plaintiff's buttocks. Siebert also brushed up against the Plaintiff.

20. In April 2018, Plaintiff complained to the Defendants about the physical contact by Siebert toward her as being inappropriate and offensive.

21. After Plaintiff complained, Siebert stated he would no longer pay her the compensation she was being paid.

22. During Plaintiff's employment, Plaintiff performed her job satisfactorily.

23. In May 2018, Siebert terminated Plaintiff from her employment with Defendants.

## FIRST CLAIM – SEXUAL HARASSMENT

24. Plaintiff incorporates by reference all of the proceeding paragraphs.

25. Defendants are an employer subject to Title VII of the Civil Right Act and the Kansas Act Against Discrimination.

26. Defendants intentionally discriminated against the Plaintiff by maintaining a work environment that was hostile to the Plaintiff because of her sex, which was severe or pervasive enough to alter the terms and conditions of Plaintiff's employment.

27. Such conduct by Defendants, by and through its owner and managerial agent, constitutes unlawful discrimination and harassment in violation of Title VII of the Civil Rights Act and the Kansas Act Against Discrimination.

28. Defendants conduct directly and proximately caused Plaintiff to suffer damages including but not limited to mental anguish and lost past and future earnings in amounts to be proven at trial. These damages are continuing. Based on Defendants' conduct, punitive damages are appropriate and should be awarded.

## SECOND CLAIM – RETALIATION

29. Plaintiff incorporates by reference all of the proceeding paragraphs.

30. Defendants are employers subject to Title VII of the Civil Right Act and the Kansas Act Against Discrimination.

31. Plaintiff engaged in protected conduct under the Kansas Acts Against Discrimination by complaining about the sexual harassment.

32. Defendants retaliated against Plaintiff by decreasing her compensation because she complained of sexual harassment.

33. Defendants retaliated against the Plaintiff with the adverse action of terminating her employment because she complained of sexual harassment.

34. Defendants' actions, individually and through its owner and managerial agent, constituted unlawful retaliation in violation of Title VII of the Civil Rights Act and the Kansas Act Against Discrimination.

35. Defendants' retaliatory conduct has directly and proximately caused Plaintiff to suffer damages including but not limited to mental anguish and lost past and future earnings in amounts to be proven at trial. These damages are continuing. Based on Defendants' conduct, punitive damages are appropriate and should be awarded.

WHEREFORE, Plaintiff prays this Court enter judgment against the Defendants for the damages caused by Defendants' acts and omissions complained herein, as well as attorney's fees, expenses, court fees, pre-judgment and post-judgment interest and for other relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/Trinidad Galdean .
Trinidad Galdean #22973

GALDEAN, LLC
PO Box 780076
Wichita, KS 67278
(316) 252-1232 Phone
(316) 462-0987 Fax
trinidad@galdean.com

*Attorney for Plaintiff*

5

## JURY DEMAND

COMES NOW, the Plaintiff and request a jury in this cause of action.

                Respectfully submitted,

                GALDEAN, LLC

                By:    /s/Trinidad Galdean    .
                          Trinidad Galdean #22973

                       *Attorney for Plaintiff*

## DESIGNATION OF PLACE OF TRIAL

COMES NOW, the Plaintiff and designates Wichita, Kansas as the place of the trial for this action.

                Respectfully submitted,

                GALDEAN, LLC

                By:    /s/Trinidad Galdean    .
                          Trinidad Galdean #22973

                       *Attorney for Plaintiff*